IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:10-00302 |
| | ) | Judge Trauger |
| [3] JEMARCUS BILLINGTON | ) | |
| | ) | |

**MEMORANDUM and ORDER**

On September 10, 2012, this court sentenced the defendant, Jemarcus Billington, to thirty (30) months in the custody of the Bureau of Prisons for his participation in a drug conspiracy. On April 5, 2013, the defendant filed, *pro se*, a Motion For Return of Seized Property Pursuant to FED. R. CRIM. P. 41(g) (Docket No. 178), to which the government has filed a response (Docket No. 180). The defendant seeks return of some $25,000 in U.S. currency seized by the Drug Enforcement Administration in a search of his home, located at 4076 Challis Drive, Clarksville, Tennessee on December 1, 2010. The defendant maintains that this currency is no longer needed as evidence, that no judicial forfeiture proceedings have been initiated (nor has he received notice of such) and that, therefore, this property should be returned to him. The defendant's assertions are in error, and he is not entitled to relief.

The record reveals that this currency was seized from the defendant's residence on December 1, 2010 and that, on December 22, 2010, the Drug Enforcement Administration sent Notices of Seizure to the defendant at the residence where the seizure was made (Docket No. 180-1 at 3) and at his then place of employment (*Id.* at 5). Notice was also sent to the barbershop where he was then employed as the addressed recipient of the notice. (*Id.* at 7) All

1

three of these notices stated that, in order to contest the forfeiture of $20,166.11 in currency seized from the defendant, the party had to file a claim "with the Forfeiture Council of the DEA by January 26, 2011." (*Id.*) No such claim was ever filed by the defendant or any other claimant.

Although the defendant alleges that he did not receive notice of this prospective forfeiture, the government has filed certified mail return receipts that purport to have been signed by the defendant on December 27, 2010 and December 29, 2010. (*Id.* at 4, 6, 8) Copies of these signed return receipts were filed with the court on April 30, 2013, and the defendant has not contested their authenticity. This layman's comparison of the signature on the certified mail return receipts and the defendant's signature on his *pro se* Motion (Docket No. 178) reveals that the signatures have some distinguishing characteristics and are almost identical.

When a potential claimant has been given proper notice of seizure, the initiation of administrative forfeiture proceedings, and the right to file a claim, as was given here, the claimant must file a timely claim. If he or she does not do so, the claimant waives the right to contest forfeiture, the forfeiture proceeds administratively, and no judicial forfeiture proceedings are initiated. *In re Seizure of $143,265.78*, 2010 WL 2711274 (6th Cir. July 2, 2010). Rule 41(g), FED. R. CIV. P., does not vest this court with jurisdiction in a case where it has none, as here. *See Burman v. United States*, 472 F.Supp.2d 665, 666 (D. Md. 2007).

The defendant received proper notice of the seizure of these funds and the initiation of administrative forfeiture of them in December of 2010 and did not file a timely claim for these funds. The funds, therefore, were properly administratively forfeited pursuant to 18 U.S.C. § 983. For the reasons expressed herein, the defendant's Motion For Return of Seized Property

(Docket No. 178) is **DENIED**.

It is so **ORDERED**.

ENTER this 10th day of June 2013.

                                                                ALETA A. TRAUGER
                                                                  U.S. District Judge